IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONNIE TRACY, ) | Case No. 4:12-CV-03254 |
| ) | |
| Plaintiff, ) | |
| ) | PROTECTIVE ORDER REGARDING |
| v. ) | PRODUCTION OF DOCUMENTS |
| ) | |
| LANCASTER SCHOOL DISTRICT 0001, ) | |
| a/k/a LINCOLN PUBLIC SCHOOLS ) | |
| ) | |
| Defendant. ) | |

NOW, this 22nd day of May, 2013, it is hereby agreed by and between the undersigned parties that they will abide by the terms of this protective order in connection with all discovery conducted in this action. Subject to the approval of the Court, the terms of this protective order are as follows:

1.  The parties enter into this Agreed Order Regarding Production of Documents ("Agreed Order") controlling the use and disposition of any and all confidential documents produced by any party and deposition testimony regarding such confidential documents in the above-captioned case. This Agreed Order shall, in particular, govern all documents which contain personal, private, medical, financial, and other documents marked as confidential and produced, identified, or testified to during discovery, including depositions, that relate in any manner to allegations in Plaintiff's Complaint, including any motion by Plaintiff to certify a class action in this case. In particular, the parties acknowledge that any information or documents relating to worker's compensation injuries and/or claims of Defendant's employees other than Plaintiff, including but not limited to medical information and information contained in personnel files, shall be deemed confidential and covered by this Agreed Order regardless of whether such information or documents are marked or later designated as confidential.

1

Notwithstanding the foregoing, any documents which are generally available to the public, such as documents filed with the Workers' Compensation Court that are accessible to the public, shall not be deemed confidential and shall not be covered by this Agreed Order.

2. All such Confidential Information produced and/or testified to by any party during discovery, deposition, or trial may be considered as confidential and containing sensitive information of a non-public nature and shall be designated as Confidential Information by the producing party. Unless otherwise ordered by the Court, Confidential Information shall be held in confidence by all parties or persons receiving such information and shall not be used for any purpose other than the prosecution of this lawsuit. Confidential Information shall be disclosed only to the parties, their attorneys of record (including counsels' employees), and their consultants and/or designated experts, and may be utilized during the discovery and trial of this action. In addition, Plaintiff's counsel shall be permitted to use Confidential Information in order to communicate with the individuals about whom the Confidential Information relates (or the counsel of such individuals) for purposes of determining if Plaintiff's counsel wishes to move the Court to certify a class action and/or prosecuting the class action matter. However, Plaintiff's counsel shall not divulge Confidential Information of an individual to other individuals without the permission of the individual(s).

3. In no event shall any of the parties or their designated experts or non-testifying consultants be allowed to retain any Confidential Information whatsoever produced after the termination of this litigation, unless otherwise provided herein. In particular, all parties' designated experts and/or non-testifying consultants agree and acknowledge that they will not allow any Confidential Information produced by any party to be disseminated, inspected,

reviewed, or in any way disclosed to any person or entity whatsoever without the producing party's prior written approval.

    4.    All parties, their respective consultants, experts, and their counsel shall be deemed to have acknowledged that they are personally bound by this Agreed Order by virtue of their appearance in this litigation.  Any and all other individuals to whom the disclosure of Confidential Information is to be made shall, prior to such disclosure, be:  (a) informed of the existence of this Agreed Order; (b) provided with a copy of this Agreed Order; (c) instructed that all Confidential Information is to be used exclusively in the preparation for and the trial of this litigation and **all copies** and **originals** of any documents that contain the Confidential Information must be returned to counsel of the party producing records as provided herein; (d) that such Confidential Information and documents that may be contained therein are to be disclosed only to such counsel and other persons as are designated or contemplated by paragraph two of this Agreed Order; and (e) that all persons to whom this Confidential Information is disclosed shall sign an Affidavit acknowledging receipt of this Agreed Order and their obligations under this Agreed Order.  All Affidavits of expert witnesses shall be returned to counsel for the producing party contemporaneously with the disclosure of said expert witnesses.  Should any consultant to whom Confidential Information is disclosed subsequently be determined by counsel that they will become a designated expert, then, and in that event, the Affidavit shall promptly be forwarded to counsel for the producing party.  Further, counsel for any receiving party shall obtain all Confidential Information from all non-testifying consultants for further handling pursuant to this Agreed Order and shall also maintain the original Affidavit from the non-testifying consultant in his/her file until the case is finally terminated.

5. Nothing in this Agreed Order shall be deemed a waiver of any party's rights to (a) oppose discovery on grounds other than that the requested information and documents constitute or contain Confidential Information, (b) object on other grounds to the admission of any Confidential Information or documents into evidence at any trial or hearing conducted in this litigation, or (c) object to the designation of information as "Confidential Information."

6. The provisions of this Agreed Order shall not be construed to prevent any party from using any Confidential Information in connection with the trial, any hearing, motions after hearing, or other public proceeding in this case, provided that before any party so uses any Confidential Information, all reasonable steps shall be taken by the parties to maintain the confidentiality of the Confidential Information until it is offered into evidence, including, but not limited to, filing any documents containing any Confidential Information under seal of this Court. Not later than thirty (30) days after the termination of this litigation, all confidential and protected documents produced in this action (and all copies, excerpts, digests, summaries, and indices of these documents), with the exception of those maintained in the file of each party's counsel as provided in paragraph 8 below, shall be returned to counsel for the parties who produced the documents or shall be destroyed at the conclusion of this lawsuit. Not later than thirty (30) days after the termination of this litigation, all documents, transcripts, answers to interrogatories, exhibits, or portions thereof that have been designated as confidential and protected, that have been obtained as a result of discovery in this action, and that are in the possession of a party, expert, or consultant shall be returned to the party who produced the documents or destroyed upon request. Not later than thirty (30) days after the termination of this litigation, all parties' designated expert(s) and/or non-testifying consultant(s) shall destroy all

notes, memorandum, or other transcriptions made from any Confidential Information and documents.

7. Despite termination of this litigation, this Order shall continue to apply to all Confidential Information provided by a producing party.

8. Counsel for each party shall be permitted to maintain a copy of all pleadings, discovery, depositions, and other documents that contain Confidential Information in the maintenance of counsel's file, but Confidential Information in such files shall not be disclosed or disseminated to anyone outside of such counsel's office.

9. All counsel and all other individuals to whom the disclosure or circulation of Confidential Information is made, covenant and warrant that if compelled by judicial process to appear in any proceeding, to provide sworn testimony, and/or to otherwise produce Confidential Information produced in this litigation, said person or entity shall give counsel for the producing party sufficient notice in advance of the time that said person or entity must comply with said judicial process, such that counsel for the producing party will have an opportunity to contest such process.

10. This Agreed Order shall survive the conclusion of this litigation, including any appeals herein, and the restrictions on communication and disclosure of Confidential Information set forth herein shall continue to be binding upon the parties to this action and all other persons to whom Confidential Information has been communicated or disclosed.  This Court shall also retain exclusive jurisdiction for enforcement of this Agreed Order, whether the matter is concluded and/or appealed.

DATED this 22nd day of May, 2013.

        *s/ Cheryl R. Zwart*
        United States Magistrate Judge

Prepared by:
Gregory H. Perry, #17775
Jeanette Stull, #21257
PERRY, GUTHERY, HAASE &
GESSFORD, P.C., L.L.O.
233 South 13th Street, Suite 1400
Lincoln, Nebraska 68508
(402) 476-9200


Approved by:

/s/ Kathleen Neary
Kathleen Neary
Vincent M. Powers & Associates
411 South 13th Street, Suite 300
P.O. Box 84936
Lincoln, NE 68501-4936
kathleen@vpowerslaw.com